# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Dell laptop computer, Serial Number DBYXZF1, and<br>HASP Dongle Key, both located at FBI Laboratory<br>Division, Linthicum, Maryland | )<br>)<br>)   Case No.   **15 - 197 BPG**<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____ District of _____Maryland_____ , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Possession of Child Pornography |

The application is based on these facts:

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Susan C. Roepcke, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2-2-15

*Judge's signature*

City and state: Baltimore, Maryland        Beth P. Gesner, U.S. Magistrate Judge
                                          *Printed name and title*

## ATTACHMENT A
## DESCRIPTION OF ITEMS TO BE SEARCHED

The following are two of the items seized from the personal belongings of Brian Molles on June 30, 2014 at EZ Storage, 3487 Chevrolet Drive, Ellicott City, Maryland after he consented to search his vehicle and storage unit. These items have both been identified as government property belonging to or in the care custody and control of the U.S. Army Medical Research Institute for Chemical Defense. Both items to be searched are currently held in evidence at the FBI Laboratory, 801 International Drive, Linthicum, Maryland.

- **Dell laptop computer, Serial Number DBYXZF1**

- **HASP dongle key**



## ATTACHMENT B
## LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED

All records contained in the items described in Attachment A which constitute evidence of violations of Title 18, United States Code, Section 2252A as outlined below:

I.   The following definitions apply to the terms as set out in this affidavit and attachment:

   1.   Computer hardware: Computer hardware consists of all equipment, which can receive, capture, collect analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Hardware includes any data-processing devices (including but not limited to central processing units; internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, flash memory drives, CD-ROM and DVD drives, and other memory storage devices); peripheral input/output devices (including but not limited to keyboards, printer, video display monitors, and related communications devices such as cables and connections), as well as any devices mechanisms, or parts that can be used to restrict access to computer hardware (including but not limited to physical keys and locks).

   2.   Computer Software: Computer software is digital information, which can be interpreted by a computer and any of its related components to direct the way they work. Software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

   3.   Documentation: Computer-related documentation consists of written, recorded, printed, or electronically stored material, which explains or illustrates how to configure or use computer hardware, software, or other related items.

   4.   Passwords and Data Security Devices: Computer passwords and other data security devices are designed to restrict access to or hide computer software, documentation or data. Data security devices may consist of hardware, software or other programming code. A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touches. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected date to make it inaccessible or unusable, as well as reverse the progress to restore it.

II.   Any computers or other data storage devices such as those listed above, may be searched for the following items:

   1.   Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

   2.   Any and all correspondence, computer files, or other data identifying persons transmitting, receiving or possessing, through interstate commerce including by U.S. Mails or by

computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

3. Any and all records, documents, invoices and materials that concern any accounts with any Internet Service Provider or cellular telephone.

4. Any and all visual depictions of minors.

5. Any and all visual depictions of MOLLES, including pornography that may have been transmitted via cell phone, email or via the Internet to anyone.

6. Any and all adult pornography to include images that were transmitted.

7. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate commerce including by United States Mails or by computer, and visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

8. Any and all address books, names, and lists of names and addresses of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

9. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

10. Any and all records relating to persuading, inducing, enticing or coercing any minor to engage in prostitution or any sexual activity in violation of the law.
Any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment, including floppy diskettes, fixed hard disks, or removable hard disk cartridges, software or memory in any form.

11. Any and all correspondence, to include emails, chat and/or text messages between MOLLES or any other minor.

12. The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

   i. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

2



        ii.    "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

        iii.    "scanning" storage areas to discover and possible recover recently deleted files;

        iv.    "scanning" storage areas for deliberately hidden files; or

        v.    performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

13.    If after performing these procedures, the directories, files or storage areas do not reveal evidence of child pornography, inducing a minor to engage in illegal sexual activity, or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

3

